## **ATTACHMENT B**

## **ITEMS TO BE SEIZED**

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of 26 U.S.C. § 5861 and 40 U.S.C. § 5104, including:

    A. Records and tangible objects pertaining to the following people, entities, physical addresses, telephone numbers, bank accounts, websites, e-mail addresses, IP addresses:

        1. U.S. Capitol;

        2. Supreme Court of the United States;

        3. Immigration Customs and Enforcement (ICE);

        4. Individuals and entities discussed by the SUBJECT as potential victims during the custodial interview on January 27, 2025;

        5. Luigi Mangione;

        6. Known phone number(s) and email address(es) belonging to the SUBJECT;

        7. Reddit;

    B. Records and tangible objects pertaining to the following topics:

        1. Executive Orders issued by the President;

        2. Policies related to transgender individuals;

        3. Immigration enforcement, including ICE;

        4. The murder of United Health Group CEO Brian Thompson, including Luigi Mangione;

        5. Confirmation hearings for government officials;

      6.     Information related to the U.S. Capitol and other federal buildings in Washington, D.C., including but not limited to operating hours, maps and layouts of the buildings, and security at the buildings;

      7.     Construction of an improvised incendiary device, including but not limited to a Molotov cocktail;

      8.     Purchase or acquisition of firearms;

C.    Records and tangible objects pertaining to the payment, receipt, transfer, or storage of money or other things of value by the SUBJECT, including, without limitation:

      1.     Bank, credit union, investment, money transfer, and other financial accounts;

      2.     Credit and debit card accounts;

      3.     Tax statements and returns;

      4.     Business or personal expenses;

      5.     Income, whether from wages or investments;

      6.     Loans;

D.    Records and tangible objects pertaining to the travel or whereabouts of the SUBJECT between November 5, 2024 and January 27, 2025;

E.    Records and tangible objects pertaining to the existence, identity, and travel of any co-conspirators, as well as any co-conspirators' acts taken in furtherance of the crimes listed above;

F.    Records and tangible objects reflecting the SUBJECT's written statements, including but not limited to notes and journals;

G. For any computer hardware, computer software, mobile phones, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

1. electronic records constituting evidence as described in categories A – F above;

2. evidence of who used, owned, or controlled the computer equipment;

3. evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;

4. evidence of the attachment of other computer hardware or storage media;

5. evidence of counter-forensic programs and associated data that are designed to eliminate data;

6. evidence of when the computer equipment was used;

7. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

8. records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage; and

H. Records and tangible objects relating to the ownership, occupancy, or use of the premises to be searched (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation,

receipts and check registers).

II. All computer hardware, computer software, and storage media. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

## DEFINITIONS

For the purpose of this warrant:

A. "Computer equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

B. "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

  E. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

  F. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

### RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes